ALAMOANA RECIPE INC., a Corporation; and ALAMOANA S. MULITAUAOPELE, Plaintiffs

v.

AMERICAN SAMOA GOVERNMENT; UNITED STATES INTERNAL REVENUE SERVICE; WILLIAM M. MELENDEZ, Internal Revenue Officer, United States Department of the Treasury; and UNITED STATES DEPARTMENT OF THE INTERIOR, Defendants.

High Court of American Samoa
Trial Division

CA No. 92-93

December 20, 1993

Before KRUSE, Chief Justice, and AFUOLA, Associate Justice.

Counsel: Plaintiff Alamoana S. Mulitauaopele, Pro Se
 For Defendant American Samoa Government, Cheryl
 A. Quadlander, Assistant Attorney General
 For Defendants William A. Melendez, Internal Revenue Service
 and Department of the Interior, Thomas J. Sawyer, Trial
 Attorney, U.S. Department of Justice

Order on Motions to Dismiss:

## PROCEDURAL HISTORY

On October 26, 1993, defendant American Samoa Government filed its motion to dismiss. Defendants Melendez, Internal Revenue Service, and Department of the Interior filed their motion to dismiss on November 19, 1993. A hearing on ASG's motion, scheduled on November 22, 1993, was continued to permit both motions to be heard on December 17, 1993.

■ As noted in the "Opinion and Order Denying Petition for Temporary Restraining Order," FICA applies to any employment performed within the U.S. or outside the U.S. if performed by U.S. citizens or residents. 26 U.S.C. § 3121(b). For purposes of the FICA chapter, Congress explicitly defined "state" and "United States" to include American Samoa. 26 U.S.C. § 3121(e). As such, employers and employees in American Samoa must pay the mandated Social Security taxes.

■ Furthermore, plaintiff Mulitauaopele's argument that the federal laws must be passed by the American Samoa legislature in order to be effective in the territory is clearly wrong. The Supremacy Clause declares that "[t]his Constitution, and the laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land." U.S. Const. art. VI. Furthermore, "Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property of the United States." U.S. Const. Art. IV, § 3.

■ Likewise, American Samoa's constitution itself proclaims that it was promulgated under the authority of Congress and the President of the United States, as delegated to the Secretary of the Interior. Revised Const. of American Samoa Preamble and Art. V, § 11 (1967); *see* 48 U.S.C. § 1662(a) ("Amendments of, or modifications to, the constitution of American Samoa, as approved by the Secretary of the Interior . . . may be made only by Act of Congress."). Under the Deeds of Cession between the chiefs of Eastern Samoa and the United States, all vestiges of sovereignty passed from the former to the latter. *See* 48 U.S.C. §§ 1661, 1662; Cession of Tutuila and Aunu'u, April 17, 1900, A.S.C.A., Historical Docs. & Consts.; Cession of Manu'a Islands, July 14, 1904, A.S.C.A., Historical Docs. & Consts.; *Bell v. Commissioner*, 278 F.2d 100, 102 (4th Cir. 1960) ("rulers of Samoa ceded absolutely all rights of sovereignty over these islands to the United States"); *Vessel Pacific Princess v. Trial Division of the High Court of American Samoa*, 2 A.S.R.2d 21, 23 (App. Div. 1984) ("American Samoa is still legally governed by executive fiat and administered by the Secretary of the Interior"). Thus, Social Security taxes may be collected without the Fono's approval.

## JURISDICTION AND VENUE

■ Plaintiff Mulitauaopele has once more requested a temporary restraining order and an injunction barring enforcement of the FICA assessment. He also seeks damages for alleged injury resulting from his business' closure. However, the High Court is powerless to grant the desired relief, even if proper.

First, as this court observed in denying a temporary restraining order, the prohibitions of the Anti-Injunction Act are comprehensive. This statute states that "*no* suit for the purpose of restraining the assessment or collection of *any* tax shall be maintained in *any* court by *any* person." 26 U.S.C. § 7421(a) (emphasis added); *see Enochs v. Williams Packing & Navigation*, 370 U.S. 1, 5, 8 L. Ed. 2d 292, 295 (1962). Thus, the High Court lacks jurisdiction to block enforcement of federal tax laws.

■ Second, the High Court lacks jurisdiction over plaintiff's request for money damages. Although Congress has authorized suits to collect damages for "unauthorized collection actions" by the Internal Revenue Service, these suits must be brought in a "district court of the United States." 26 U.S.C. § 7433(a). However, the High Court is not a U.S. "district court," nor has it been given the authority to act as a district court for purposes of this statute. This conclusion is supported by the fact that Congress explicitly named American Samoa in a number of places in the tax code (including the definitions of "state" and "United States") but did not do so when it mentioned "district courts." This situation is similar to that of the High Court's admiralty jurisdiction, in which the High Court is not a "district court" for purposes of the federal Limitation of Liability Act but has been given the authority to act as one for purposes of the federal preferred mortgage lien statute. *Compare In re Complaint of Interocean Ships, Inc.*, 2 A.S.R.2d 76, 79 (App. Div. 1985) (no jurisdiction under Limitation of Liability Act, 46 U.S.C. § 185) with *United Airlines Employees' Credit Union v. M/V Sans End*, 15 A.S.R.2d 95, 100 (Trial Div. 1990) (46 U.S.C. § 31301(2)(E) defines the High Court as a "district court" for the purposes of enforcing preferred mortgage liens under 46 U.S.C., Chapter 313). In any event, plaintiff has not shown that he has exhausted his administrative remedies, and the request for damages exceeds the $100,000 statutory limitation. *See* 26 U.S.C. § 7433(b), (d)(1).

■ If plaintiff was denied any opportunity for review by a federal court created under Article III, serious constitutional problems could arise. *See Guam v. Olsen*, 431 U.S. 195, 204, 52 L. Ed. 2d 250, 258 (1977) (denying appellate review of territorial-court decisions by Article III courts "might present constitutional questions"); *King v. Morton*, 520

F.2d 1140, 1144 (D.C. Cir. 1975) ("availability of remedies in the Samoan courts [to persons challenging actions of United States Government officials] . . . cannot act as a complete bar to district court proceedings"). A rational basis, though, may exist to justify Congress' failure to provide for direct review by an Article III court. *Corporation of the Presiding Bishop of the Church of Jesus Christ of the Latter-Day Saints v. Hodel*, 830 F.2d 374, 386 (D.C. Cir. 1987). So while the High Court lacks jurisdiction in this case, plaintiff is not precluded from litigating in a federal district court.

Regarding civil suits against an officer or agency of the United States, the federal venue statute reads as follows:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e); *see generally* Annotation, *Construction and Application of 28 USC § 1391(e) Providing for Venue and Process in Civil Actions Against Federal Officers, Employees, or Agencies*, 9 A.L.R. Fed. 719 (1971 & supp. 1990); 1 MOORE'S FEDERAL PRACTICE ¶ 0.142[7] (1985). Under this provision, proper venue could at least be established under subsection (1). While such a forum may not be convenient, it is no more so than appeals of the High Court's decisions in federal court, which is accomplished by suing the Secretary of the Interior in his official residence in Washington, D.C. *See King*, 520 F.2d at 1144 ("Secretary [of the Interior] is within the geographical jurisdiction of the United States District Court for the District of Columbia"); *Presiding Bishop*, 637 F. Supp. at 1416 ("litigants in

American Samoa may obtain review in this Court via the mechanism of suing the Secretary of the Interior").[1]

## CONCLUSION

First, Congress has mandated that Social Security taxes be assessed in American Samoa. The absence of approval by the Fono is irrelevant. Second, the High Court lacks jurisdiction to enjoin the collection of FICA or to hear a suit for damages resulting from unauthorized collection actions. Therefore, defendants' motions to dismiss are granted.

It is so ordered.

---

[1] Nevertheless, the absence of a court which can handle all federal matters arising in American Samoa has not only led to great inconvenience to plaintiffs and defendants but has also resulted in confusion as to the High Court's jurisdiction over questions of federal law. The piecemeal approach of giving the High Court authority to act as a federal district court for the purposes of specific laws has also been shown to be unsatisfactory. *See Pacific Princess*, 2 A.S.R.2d at 24 (Gardner, C.J., concurring) ("lack of access by the residents of this territory to a court with federal jurisdiction is troublesome"); *Interocean Ships*, 2 A.S.R.2d at 81-82 (Murphy, Acting C.J., concurring) (lack of access to a federal court is probably the "result of Congressional oversight").

The current jurisdictional and forum problems again bespeak the need for revisiting the question of access to the federal courts. However, in the absence of territorial initiative, Congressional attention will continue to remain uncertain, while American Samoan litigants are left having to look to the federal courts located some 7,500 miles away in Washington D.C., in order to avail themselves of their federal remedial rights.